**MEINERZ v. BORDER COLLIE RESCUE, INC., etc., et al.**

**Index to Notice of Removal**

1. State Court Pleadings
2. Notice to Adverse Party
3. Notice to State Court

**EXHIBIT 1**

 **Service of Process Transmittal**
06/04/2012
CT Log Number 520622921

**TO:** Lena Delgado
Yulista Management Services, Inc.
6613 Brayton Drive, Suite C
Anchorage, AK 99507

**RE:** **Process Served in Arizona**

**FOR:** Chiulista Services, Inc. (Domestic State: AK)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ryan Meinerz, etc., Pltf. vs. Border Collie Rescue, Inc., etc. and Chiulista Services, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Certificate, Verified Complaint |
| **COURT/AGENCY:** | Maricopa County - Superior Court, AZ<br>Case # CV2012054024 |
| **NATURE OF ACTION:** | Employee Litigation - Alleges Negligent Misrepresentation, Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/04/2012 at 14:00 |
| **JURISDICTION SERVED :** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Michael Zoldan<br>Chelle & Zoldan, PLC<br>7400 E. Pinnacle Peak Road<br>Ste. #204<br>Scottsdale, AZ 85255<br>480-442-3410 |
| **REMARKS:** | Please note the process server underlined, circled, initialed and/or highlighted the entity name being served prior to receipt by CT |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 793639977693 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Issis Gonzalez |
| **ADDRESS:** | 2390 E. Camelback Road<br>Phoenix, AZ 85016 |
| **TELEPHONE:** | 602-277-4792 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

RS 6-4-12
2:00

Michael Zoldan; AZ Bar No. 028128
Robert Chelle; AZ Bar No. 028146
**CHELLE & ZOLDAN, PLC**
7400 E. Pinnacle Peak Road, Ste. #204
Scottsdale, AZ 85255
Tel & Fax: 480.442.3410
MZoldan@Chelle-Zoldan.com
RChelle@Chelle-Zoldan.com
Docketing@Chelle-Zoldan.com

ORIGINAL

Attorneys for
Plaintiff Ryan Meinerz

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 ~MZoldan@Chelle-Zoldan.com

**SUPERIOR COURT OF THE STATE OF ARIZONA**

**COUNTY OF MARICOPA**

| | |
|---|---|
| **Ryan Meinerz**, an Arizona resident,<br><br>Plaintiff,<br><br>v.<br><br>**Border Collie Rescue, Inc.** *d/b/a/* **Birdstrike Control Program**, a Texas Corporation; **Chiulista Services, Inc.**, an Alaska Corporation,<br><br>Defendants. | **Case No:** CV2012-054024<br><br>**SUMMONS** |

If you would like legal advice from a lawyer contact the Lawyer Referral Service at

602-257-4434
or
www.lawyerfinders.org

Sponsored by the
Maricopa County Bar Association

**FROM THE STATE OF ARIZONA TO:**

CHIULISTA SERVICES, INC.
CT CORPORATION SYSTEM
2390 E. CAMELBACK RD.
PHOENIX, AZ 85016

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona you shall appear and defend within twenty (20) days after the service of this Summons and the Complaint

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 –MZoldan@Chelle-Zoldan.com

upon you, exclusive of the day of service. If served out of the State of Arizona – whether by direct service, by registered or certified mail or by publication – you shall appear and defend within thirty (30) days (45 if out of state) after service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney or agent to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of forty (40) days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete thirty (30) days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. *See* Ariz. R. Civ. P. Rule 4; Ariz. Rev. Stat. Ann. §§20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE HEREBY CAUTIONED** that in order to appear and defend, you must file an Answer or proper fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. *See* R. Civ. P. 10(d); Ariz. Rev. Stat. Ann. § 12-311; Ariz. R. Civ. P. Rule 5.

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 ~MZoldan@Chelle-Zoldan.com

**REQUEST FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST THREE JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.**

The name and address of Plaintiff's attorney is:

Michael Zoldan
Robert Chelle
Chelle & Zoldan, PLC
7400 E. Pinnacle Peak Rd., Ste. #204
Scottsdale, AZ 85255
Tel & Fax: 480.442.3410
MZoldan@Chelle-Zoldan.com
RChelle@Chelle-Zoldan.com

SIGNED AND SEALED this date: MAY 31 2012

MICHAEL K. JEANES, CLERK

Michael Zoldan; AZ Bar No. 028128
Robert Chelle; AZ Bar No. 028146
**CHELLE & ZOLDAN, PLC**
7400 E. Pinnacle Peak Road, Ste. #204
Scottsdale, AZ 85255
Tel & Fax: 480.442.3410
MZoldan@Chelle-Zoldan.com
RChelle@Chelle-Zoldan.com
Docketing@Chelle-Zoldan.com

Attorneys for
Plaintiff Ryan Meinerz

COPY

MAY 31 2012
COURT SEAL
MICHAEL K. JEANES, CLERK
W. POWLEY
DEPUTY CLERK

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 -MZoldan@Chelle-Zoldan.com

**SUPERIOR COURT OF THE STATE OF ARIZONA**

**COUNTY OF MARICOPA**

| | |
|---|---|
| **Ryan Meinerz**, an Arizona resident,<br><br>Plaintiff,<br><br>v.<br><br>**Border Collie Rescue, Inc.** *d/b/a/* **Birdstrike Control Program**, a Texas Corporation; **Chiulista Services, Inc.**, an Alaska Corporation,<br><br>Defendants. | **Case No:** CV2012-054024<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

The undersigned certifies that he knows the dollar limits and other limitations set forth by the local rules of practice for the applicable superior court, and further certifies that this ***is not*** subject to compulsory arbitration, as provided by Rule 72 through 76 of the Arizona Rules of Civil Procedure.

DATED May 31, 2012.

**CHELLE & ZOLDAN, PLC**

By: /s/ Michael Zoldan
7400 E. Pinnacle Peak Rd., Ste. #204
Scottsdale, Arizona 85255
Attorneys for Plaintiff Ryan Meinerz

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 ~MZoldan@Chelle-Zoldan.com

Michael Zoldan; AZ Bar No. 028128
Robert Chelle; AZ Bar No. 028146
**CHELLE & ZOLDAN, PLC**
7400 E. Pinnacle Peak Road, Ste. #204
Scottsdale, AZ 85255
Tel & Fax: 480.442.3410
MZoldan@Chelle-Zoldan.com
RChelle@Chelle-Zoldan.com
Docketing@Chelle-Zoldan.com

Attorneys for
Plaintiff Ryan Meinerz

COPY

MAY 31 2012

COURT SEAL
MICHAEL K. JEANES, CLERK
W. POWLEY
DEPUTY CLERK

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 –MZoldan@Chelle-Zoldan.com

**SUPERIOR COURT OF THE STATE OF ARIZONA**

**COUNTY OF MARICOPA** CV2012-054024

| | |
|---|---|
| **Ryan Meinerz**, an Arizona resident,<br><br>Plaintiff,<br><br>v.<br><br>**Border Collie Rescue, Inc.** *d/b/a/* **Birdstrike Control Program**, a Texas Corporation; **Chiulista Services, Inc.**, an Alaska Corporation,<br><br>Defendants. | **Case No:**<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff Ryan Meinerz ("**Meinerz**"), for his complaint against Defendants Border Collie Rescue, Inc. d/b/a/ Birdstrike Control Program ("**BCP**") and Chiulista Services, Inc. ("**Chiulista**") hereby alleges as follows:

**PARTIES**

1. Plaintiff Meinerz is a resident of Maricopa County, Arizona.

2. Upon information and belief, Defendant BCP is a Texas Corporation with its principal place of business in Montgomery County, Texas.

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 ~MZoldan@Chelle-Zoldan.com

3. Upon information and belief, Chiulista is an Alaska Corporation with its principal place of business in Anchorage, Alaska.

4. Chiulista is authorized to do business in Maricopa County, Arizona, and at all times relevant hereto was engaged in the process of doing business in Maricopa County.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over all claims set forth in this Complaint because the underlying acts and/or omissions had their primary effect in Maricopa County, Arizona. *See* Ariz. Rev. Stat. Ann. §§ 12-122, -123; *see also* Ariz. Const. art. VI, § 14.

6. This Court has personal jurisdiction over Chiulista because Chiulista caused the events alleged herein to occur and/or to have their primary effect in Maricopa County, Arizona. *See* Ariz. R. Civ. P. 4.2(a).

7. This Court has personal jurisdiction over BCP because BCP caused the events alleged herein to occur and/or to have their primary effect in Maricopa County, Arizona. *See* Ariz. R. Civ. P. 4.2(a).

8. Venue is proper because the specific acts giving rise to the causes of action alleged herein occurred in Maricopa County, Arizona. *See* Ariz. Const. art. XIV, § 8; Ariz. Rev. Stat. Ann. § 12-401(1), (5), (18).

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

9. In or around December 2009, Meinerz began working for BCP as a Wildlife Control Officer ("**WCO**") in its Tampa, Florida location.

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 –MZoldan@Chelle-Zoldan.com

10. As a WCO, Meinerz was primarily responsible for airfield wildlife control activities implemented to reduce the hazardous effects of birds on aviation operations.

11. Eighty percent of Meinerz' key activities at BCP were designed to eliminate, reduce, and/or control the airfield bird population by conducting regular airfield and perimeter patrols by vehicle and on foot with Border Collie(s) to herd, harass, and chase birds and other mammals that present a hazard to aviation operations.

12. Upon commencing employment with BCP in January 2009, Meinerz was required to sign a Non-Compete and Confidentiality Agreement (the "**Agreement**").

13. Article IV of the Agreement states in pertinent part:

> …employee hereby covenants and agrees that [s]he will not, directly or indirectly participate in the ownership, management, operation or control of, serve as a director of, advise or be employed by or engaged in, or serve as a consultant to, spokesperson or advertiser for, or have any financial interest in or be connected with, or engage in or aid or knowingly assist anyone else in the conduct of, any business at an US airport or US Government airbase which is in ***competition with BCP for a five (5) year period after the termination of the Employment Agreement.*** (emphasis added).

14. The Agreement is not limited in geographical scope and could potentially apply throughout the entire United States or even abroad if enforced as written.

15. The Agreement precludes Meinerz from working for any company in competition with BCP for a period of five (5) years.

16. The purpose behind BCP's unreasonable restriction on Meinerz' ability to work in his professional capacity is to punish him and to ensure that he is unable to seek employment with any subsequent employer in the same or related industry, effectively

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 ~MZoldan@Chelle-Zoldan.com

stifling competition and restraining trade. It is therefore unenforceable under Arizona law.

17. Meinerz was employed with BCP for approximately three (3) years, without complaint or disciplinary action.

18. During his tenure with BCP, Meinerz typically worked eight hours per day, five days per week.

19. However, in or around February 2012, BCP's owner, Nicholas Carter (**"Carter"**), informed Meinerz that he would be required to work fourteen hours per day because, at that time, there were no other BCP employees capable of relieving Meinerz.

20. As a result, on February 13, 2012, Meinerz was forced to part ways BCP and began looking for new employment.

21. On or about February 15, 2012, Meinerz applied for an assistant biologist position with Chiulista in its Sonoran Pronghorn Monitoring Project (the **"Pronghorn Project"**).

22. Biologists in Chiulista's Pronghorn Project protect the Sonoran Pronghorn, an endangered subspecies according to the U.S. Fish and Wildlife Service.

23. Biologists working in the Pronghorn Project do not engage in controlling the population of birds or mammals within the vicinity of an airport.

24. The Sonoran Pronghorn is not a bird.

25. Chiulista's biologists in the Pronghorn Project do not use Border Collie(s) to perform their job duties and responsibilities.

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 -MZoldan@Chelle-Zoldan.com

26. On March 7, 2012, Chiulista offered Meinerz a biologist position in its Pronghorn Project (**"Offer Letter"**).

27. As part of his initial and continued employment with Chiulista, Meinerz was required to (1) pass an initial drug test; (2) obtain and hold necessary security clearance granted by the Defense Service; (3) successfully complete a USAF background clearance check; (4) provide satisfactory performance; and (5) adhere to Chiulista's code of conduct, compliance manual, and work rules.

28. Meinerz satisfied all five aforementioned criteria.

29. Prior to sending Meinerz the Offer Letter, Carter contacted Chiulista, on behalf of BCP, warning it not to hire Meinerz because of BCP's Agreement with Meinerz.

30. Chilulista nevertheless offered Meinerz the job in disregard of Carter's warning.

31. In fact, Chiulista reassured Meinerz that, notwithstanding Carter's threat and the Agreement, his job was not in jeopardy.

32. In reliance on such assurances, Meinerz relocated across the country, from Florida to Arizona, solely because of his new position with Chiulista.

33. On March 15, 2012, Meinerz notified Chiulista of his arrival in Phoenix.

34. Chiulista then directed him to take its required urinalysis test, which he passed.

35. On March 16, 2012, Chiulista instructed Meinerz to bring his passport, driver's license, birth certificate, and Social Security Card to work with him on Monday, March 19, 2012.

36. The following day, Meinerz sent a message to Chiulista stating that he had an attorney review his Agreement with BCP.

37. He informed Chiulista that the attorney, in accord with Chiulista, agreed that the Agreement was unenforceable and that Carter's attempt to prevent Meinerz from working for Chiulista was no more than an empty threat.

38. Despite such assurances, on March 19, 2012 – Meinerz' expected start date with Chiulista – he was instructed not to report to work while Chiulista's legal department investigated the legitimacy of Carter's threats, the validity of the Agreement, and ultimately whether or not to employ Meinerz.

39. Upon information and belief, BCP sent at least two letters, facsimiles, and/or emails to Chiulista regarding Meinerz' prospective employment with Chiulista.

40. At least one of the letters, facsimiles, and/or emails BCP sent to Chiulista threatened Chiulista with litigation if it hired Meinerz.

41. Chiulista ultimately decided not to employ Meinerz as a result of BCP's threat of litigation.

42. In addition, Meinerz' employment contract with BCP provided for a severance payment equivalent to that of his monthly salary.

43. After Meinerz left his employ with BCP, Carter assured him of his entitlement to such severance pay.

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 –MZoldan@Chelle-Zoldan.com

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 –MZoldan@Chelle-Zoldan.com

44. Meinerz' monthly salary with BCP was approximately $3,750.

45. Despite BCP's assurances that it would issue Meinerz his full severance amount, BCP paid Meinerz only half of the severance payment, equivalent to only half of his monthly salary.

46. This action arises out of a contract and pursuant to the Agreement, A.R.S. § 12-341.01 and otherwise, Plaintiff is entitled to an award of reasonable attorneys' fees and costs from Defendants. In the event judgment is obtained by default, Plaintiff will seek no less than $10,000 in attorneys' fees and costs incurred in this action.

**COUNT I**
**DECLARATORY RELIEF**

47. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if fully restated herein.

48. A covenant not to compete is valid when: 1) the restraint does not exceed what is reasonably necessary to protect the employer's business; 2) is not unreasonably restrictive of the rights of the employee; 3) does not contravene public policy; and 4) is reasonable as to time and space. *See, e.g., Bed Mart, Inc. v. Kelley*, 45 P.3d 1219, 1221 (Ariz. Ct. App. 2002) (explaining that legitimate business interests do not extend beyond mere interest in protecting itself from competition).

49. Defendant BCP's non-compete clause is invalid because, *inter alia*, the restraint exceeds that reasonably necessary to protect BCP's business and because the geographic and temporal restraints are unreasonable. As such, the non-compete agreement is unenforceable under Arizona law.

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 –MZoldan@Chelle-Zoldan.com

50. Defendant BCP contends that the non-compete agreement is enforceable under Arizona law.

51. An actual, present, and substantial controversy exists between the parties, and a declaration as to their respective rights and duties under the non-compete agreement, pursuant to A.R.S. § 12-1831 *et. seq*., is necessary and appropriate.

**52.** Plaintiff prays that the Court enter a Declaratory Judgment declaring that the non-compete agreement is unenforceable under Arizona law and also requests that the Court order a speedy hearing and advance this matter on its calendar pursuant Arizona Rules of Civil Procedure, Rule 57.

**COUNT II**
**TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP**
**(BCP)**

53. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if fully restated herein.

54. Plaintiff formed a valid contractual relationship and/or business expectancy with Chiulista, which provided him an annual salary and corporate benefits.

55. Defendant BCP was aware of Plaintiff's contractual relationship and/or business expectancy with Chiulista.

56. Defendant BCP intentionally interfered with Plaintiff's contractual relationship and/or business expectancy with Chiulista, thereby actually and proximately causing damages to Plaintiff.

57. Defendant BCP's intentional interference induced and/or caused a breach of Plaintiff's contractual relationship and/or business expectancy.

58. As a result of Defendant BCP's intentional interference with Plaintiff's contractual relationship and/or business expectancy, Plaintiff has been damaged in an amount to be proven at trial.

**COUNT III**
**NEGLIGENT MISREPRESENTATION**
**(CHIULISTA)**

59. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if fully restated herein.

60. Defendant Chiulista represented to Plaintiff that it would employ him if he moved to Arizona.

61. Defendant Chiulista, in the course of its business, made representations to Plaintiff to induce him to move to Arizona.

62. Defendant Chiulista intended for the representation to serve as guidance for Plaintiff to move to Arizona.

63. Defendant Chiulista intended that Plaintiff rely on the representation.

64. Alternatively, Defendant Chiulista could have reasonably foreseen that Plaintiff would rely on the representation.

65. Defendant Chiulista failed to exercise reasonable care or competence in obtaining and/or communicating its representations to Plaintiff.

66. Plaintiff justifiably relied upon Defendant Chiulista's representations.

67. Plaintiff's damages were a direct consequence of, and proximately caused by, Defendant Chiulista's representations.

CHELLE & ZOLDAN, PLC
7400 E Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 –MZoldan@Chelle-Zoldan.com

68. Plaintiff was damaged by his reliance upon Defendant Chiulista's false representations in an amount to be proven at trial.

**COUNT IV**
**BREACH OF CONTRACT**
**(CHIULISTA)**

69. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if fully restated herein.

70. Defendant Chiulista offered Plaintiff an employment opportunity.

71. Plaintiff accepted Defendant Chiulista's offer of employment.

72. Adequate consideration flowed in both directions in the form of promised compensation to Plaintiff in exchange for Plaintiff's promised labor.

73. Defendant Chiulista breached the terms of the employment contract by barring Plaintiff from beginning his employment with Chiulista, thereby denying him of the bargained-for exchange of compensation.

74. As a result of Defendant Chiulista's breach, Plaintiff has been damaged in an amount to be proven at trial.

**COUNT V**
**BREACH OF THE COVENANT OF GOOD FAITH**
**AND FAIR DEALING**
**(CHIULISTA)**

75. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if fully restated herein.

76. In Arizona, every contract includes an implied covenant of good faith and fair dealing, which requires that neither party act to dilute or destroy the consideration for which the other side was bargaining, regardless of the express provisions of the contract.

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 –MZoldan@Chelle-Zoldan.com

*See Maleki v. Desert Palms Prof'l Props., L.L.C.*, 214 P.3d 415, 421 (Ariz. Ct. App. 2009).

77. Defendant Chiulista's failure to employ Plaintiff in breach of the employment contract constitutes a breach of the covenant.

78. As a result of such breach, Plaintiff has been damaged in an amount to be proven at trial.

**COUNT VI**
**DEFAMATION**
**(BCP)**

79. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if fully restated herein.

80. Based on information and belief, BCP's messages to Chiulista contained false, defamatory statements regarding Meinerz.

81. Based on information and belief, the defamatory language was of or concerning Meinerz.

82. The defamatory statement(s) tended to impeach Plaintiff's integrity and reputation.

83. BCP communicated the defamatory statements to Chiulista.

84. The defamatory statements were concerning Plaintiff's professional conduct and therefore actual damages are irrelevant.

85. In the alternative, BCP's defamatory statements caused damage to Meinerz in an amount to be proven at trial.

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 –MZoldan@Chelle-Zoldan.com

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 –MZoldan@Chelle-Zoldan.com

**COUNT VII**
**PROMISSORY ESTOPPEL**
**(CHIULISTA)**

86. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if fully restated herein.

87. Arizona recognizes the theory of promissory estoppel for a promise of at-will employment. *See Higginbottom v. State*, 51 P.3d 972, 977 (Ariz. Ct. App. 2000).

88. Defendant Chiulista promised to employ Plaintiff.

89. Defendant Chiulista could or should have reasonably foreseen that plaintiff would rely on such promise of offered employment by moving to the state in which Defendant Chiulista conducts business.

90. Plaintiff actually relied on Defendant Chiulista's promise of employment to his detriment.

91. Plaintiff's reliance upon the Defendant Chiulista's promise was reasonable.

92. In relying upon the Defendant Chiulista's promise, Plaintiff incurred a detriment

93. As a result of Plaintiff's reasonable reliance, Plaintiff has been damaged in an amount to be proven at trial.

**COUNT VIII**
**BREACH OF CONTRACT**
**(BCP)**

94. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if fully restated herein.

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 –MZoldan@Chelle-Zoldan.com

95. A breach of a contract occurs upon (1) the existence of a valid contract, (2) breach of a material term of that contract, and (3) resulting damages. *See, e.g.*, *Chartone v. Bernini*, 83 P.3d 1103 (Ariz. Ct. App. 2004); *Deck v. Hammer*, 7 Ariz. Ct. App. 466 (1968).

96. Plaintiff and Defendant BCP executed a valid employment agreement.

97. A material term of Plaintiff's employment agreement provided for severance pay equivalent to that of his monthly salary.

98. Defendant BCP breached a material term of the employment contract by failing to provide Plaintiff with the complete amount of severance to which he is entitled.

99. As a result of Defendant BCP's failure to compensate Plaintiff in the promised amount, Plaintiff was damaged in an amount to be proven at trial.

**CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant BCP and Defendant Chiulista, as follows:

A. For Declaratory Judgment pursuant to Count I, *supra*, declaring that the Non-Compete provision set forth in the Agreement is unenforceable under Arizona law.

B. An award of damages for all counts other than Count I, in an amount to be proven at trial; and

C. An award of compensatory and punitive damages in an amount to be proven at trial; and

D. The costs of suit incurred herein and reasonable attorneys' fees pursuant to

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 –MZoldan@Chelle-Zoldan.com

A.R.S. § 13-2314.04(A) and/or A.R.S. § 341.01 together with pre-judgment interest at the maximum rate permitted by law; and

E. Any other remedies or judgments deemed just and equitable by this Court.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to the Arizona Rules of Civil Procedure, Rule 38.

DATED May 31, 2012.

**CHELLE & ZOLDAN, PLC**

By: /s/ Michael Zoldan
7400 E. Pinnacle Peak Rd., Ste. #204
Scottsdale, Arizona 85255
Attorneys for Plaintiff Ryan Meinerz

CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Suite 204, Scottsdale, AZ 85255
Tel & Fax: 480.442.3410 –MZoldan@Chelle-Zoldan.com

# VERIFICATION

Plaintiff Ryan Meinerz declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his own personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

*Ryan Meinerz* Ryan Meinerz
May 31 2012 1:50 PM

Ryan Meinerz

From: (602) 277-4792
Flock
Phoenix Fulfillment Team 1
2390 E. Camelback Road

Phoenix, AZ 85016

Origin ID: ZSYA

J121011121902225

Ship Date: 04JUN12
ActWgt: 1.0 LB
CAD: 103011637/WSXI2500

RECEIVED
6-6-12
LD/4th

Delivery Address Bar Code

SHIP TO: (907) 868-2487 BILL SENDER

Lena Delgado
Yulista Management Services, Inc.
6613 Brayton Drive, Suite C

Anchorage, AK 99507

Ref # SOP/0422900/520622921/Flock
Invoice #
PO #
Dept #

WED - 06 JUN AM
** 2DAY **

TRK# 7936 3997 7693
0201

99507
AK-US
ANC

SA GSTA

512G1/793A/A278



**EXHIBIT 2**

Mark Ogden; AZ Bar No. 017018
mogden@littler.com
Christie L. Kriegsfeld; AZ Bar No. 022537
ckriegsfeld@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
Telephone: 602.474.3600
Facsimile: 602.957.1801

Attorneys for Defendant
CHIULISTA SERVICES, INC.

SUPERIOR COURT OF THE STATE OF ARIZONA

COUNTY OF MARICOPA

| | |
|---|---|
| Ryan Meinerz,<br><br>Plaintiff,<br><br>v.<br><br>Border Collie Rescue, Inc., d/b/a Birdstrike Control Program, a Texas Corporation; Chiulista Services, Inc., an Alaska Corporation,<br><br>Defendants. | Case No. CV2012-054024<br><br>**NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>(Hon. Michael Gordon) |

**TO: PLAINTIFF RYAN MEINERZ AND HIS ATTORNEY OF RECORD**

PLEASE TAKE NOTICE that on July 3rd, 2012, Defendant Chiulista Services, Inc. filed a Notice of Removal of Action Under 28 U.S.C. § 1441(a) (Diversity) in the United States District Court for the District of Arizona.

A copy of the Notice of Removal was filed and is served contemporaneously herewith and attached as **Exhibit 1**.

DATED this 3rd day of July, 2012

*/s/ Christie L. Kriegsfeld*
Mark Ogden
Christie L. Kriegsfeld
LITTLER MENDELSON, P.C.
Attorneys for Defendant
Chiulista Services, Inc.

ORIGINAL e-filed this 3rd day of July, 2012, and copy via the E-Filing System to:

Hon. Michael Gordon
Maricopa County Superior Court
Northeast Court J
18380 N. 40th Street
Phoenix, AZ 85032

COPY of the foregoing mailed this 3rd day of July, 2012 to:

Michael Zoldan, Esq.
Robert Chelle, Esq.
CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Ste. #204
Scottsdale, AZ 85255
Attorneys for Plaintiff

*/s/ Leslie Boone*

Firmwide:112849959.1 054743.1012

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

**EXHIBIT 3**

Mark Ogden; AZ Bar No. 017018
mogden@littler.com
Christie L. Kriegsfeld; AZ Bar No. 022537
ckriegsfeld@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
Telephone: 602.474.3600
Facsimile: 602.957.1801

Attorneys for Defendant
CHIULISTA SERVICES, INC.

SUPERIOR COURT OF THE STATE OF ARIZONA

COUNTY OF MARICOPA

Ryan Meinerz,

Plaintiff,

v.

Border Collie Rescue, Inc., d/b/a Birdstrike Control Program, a Texas Corporation; Chiulista Services, Inc., an Alaska Corporation,

Defendants.

Case No. CV2012-054024

**NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

(Hon. Michael Gordon)

**TO: THE CLERK OF THE SUPERIOR COURT OF ARIZONA, COUNTY OF MARICOPA:**

**PLEASE TAKE NOTICE** that on July 3, 2012, Defendant Chiulista Services, Inc. filed a Notice of Removal of Civil Action under 28 U.S.C. § 1441(a) (Diversity) in the office of the Clerk of the United States District Court for the District of Arizona, Phoenix Division. A copy of said Notice of Removal is attached as Appendix A.

**PLEASE TAKE FURTHER NOTICE** that the filing of said Notice of Removal with the Clerk of this Court effects the removal of this action in accordance with 28 U.S.C. §1446(d).

DATED this 3rd day of July, 2012

*/s/ Christie L. Kriegsfeld*
Mark Ogden
Christie L. Kriegsfeld
LITTLER MENDELSON, P.C.
Attorneys for Defendant
Chiulista Services, Inc.

ORIGINAL e-filed this 3rd day of July, 2012, and copy via the E-Filing System to:

Hon. Michael Gordon
Maricopa County Superior Court
Northeast Court J
18380 N. 40th Street
Phoenix, AZ 85032

COPY of the foregoing mailed this 3rd day of July, 2012 to:

Michael Zoldan, Esq.
Robert Chelle, Esq.
CHELLE & ZOLDAN, PLC
7400 E. Pinnacle Peak Rd., Ste. #204
Scottsdale, AZ 85255
Attorneys for Plaintiff

*/s/ Leslie Boone*

Firmwide:112850163.1 054743.1012

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-2-